897 P.2d 991

**Mark LANKFORD, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21499.**

Supreme Court of Idaho.
Boise, February 1995 Term.

May 22, 1995.

Rehearing Denied July 19, 1995.

Nicholas Chenoweth, of Orofino, and Andrew Parnes, Ketchum, for appellant. Andrew Parnes argued.

Alan G. Lance, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for respondent. Lynn E. Thomas argued.

McDEVITT, Chief Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Mark Henry Lankford (Lankford) was convicted of two counts of first-degree murder for the 1983 killing of Robert and Cheryl Bravence, and sentenced to death. Lankford thereafter moved for a new trial under I.C. § 19–2406(7) and I.C.R. 34. The district court denied Lankford's motion. On appeal, this Court affirmed Lankford's conviction and sentence, and upheld the trial court's denial of Lankford's motion for a new trial. *State v. (Mark) Lankford*, 116 Idaho 860, 781 P.2d 197 (1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990).

On April 3, 1992, Lankford filed another petition for post-conviction relief under I.C. § 19–2719, seeking a new trial or resentencing. In his petition, Lankford argued that (1) Lankford was denied effective assistance of counsel; (2) the felony murder rule is unconstitutional; (3) Lankford was denied a fair trial because of prosecutorial misconduct; (4) the State's failure to treat Lankford's hypoglycemia impaired Lankford's ability to communicate with counsel at trial; (5) the aggravating circumstances found by the trial court are unconstitutional; (6) the trial court relied upon improper evidence in finding the aggravating circumstances; (7) the trial court's finding of specific intent in connection with an aggravating circumstance was unconstitutional; and (8) the lack of jury participation in the capital sentencing process is

unconstitutional. Lankford also petitioned the court for leave to hire an expert witness and the funds to hire such a witness.

The State filed a motion to dismiss the post-conviction petition, arguing that the issues raised in Lankford's petition for post-conviction relief were barred because they did not satisfy the requirements of I.C. § 19–2719. Lankford then filed an amended petition for post-conviction relief, dated March 4, 1994, and an accompanying motion to disqualify the district court "from further hearing on this case because said judge is a witness to allegations raised in the Amended Petition now filed in this action." The State filed a amended motion to dismiss Lankford's amended petition, claiming that I.C. § 19–2719 divests the trial court of jurisdiction to consider Lankford's claims.

Oral argument was heard on Lankford's motions on June 2, 1994. The district court dismissed Lankford's petition, concluding that Lankford's petition was based on claims that were known or reasonably could have been known within the time limit for bringing such motions set out in I.C. § 19–2719. Lankford appealed to this Court and the State filed a motion with this Court to dismiss Lankford's appeal on the grounds that I.C. § 19–2719 bars consideration of Lankford's petition.

## II.

### I.C. § 19–2719 BARS CONSIDERATION OF LANKFORD'S PETITION

I.C. § 19–2719 requires that a capital defendant seeking post-conviction relief "file any legal or factual challenge to the sentence or conviction that is known or reasonably should be known[ ]" within forty-two days of the filing of the judgment imposing the death sentence. I.C. § 19–2719(3). This Court has held that, when a petition is filed more than forty-two days after entry of judgment, this section "places a heightened burden on a petitioner which requires a prima facie showing by petitioner that the issues raised were not known and could not reasonably have been known within 42 days of judgment." *Paz v. State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993).

Neither the allegations in Lankford's petition nor the documents filed in support of that petition satisfy the burden established by I.C. § 19–2719. There has been no showing that the claims asserted in Lankford's petition should not have been reasonably known within forty-two days of the judgment against him. Lankford has therefore failed to meet the prima facie requirements for maintaining an action for post-conviction relief under I.C. § 19–2719, and the trial court did not err by dismissing Lankford's appeal.

## III.

### THE DISTRICT COURT DID NOT ERR IN DENYING LANKFORD'S MOTION FOR DISQUALIFICATION

Lankford asserts that the trial court erred in denying Lankford's motion to disqualify the district judge on the basis that the judge was a potential witness to the claims raised in Lankford's amended petition for post-conviction relief. Lankford's motion to disqualify was supported by a declaration by Lankford's attorney that the district judge was a potential witness to the claims asserted in Lankford's amended petition. However, Lankford presents no evidence that the possibility that the district judge may be a potential witness in a post-conviction proceeding interfered with the district judge's ability to determine whether the jurisdictional bar of I.C. § 19–2719 precluded Lankford's petition. As this Court noted in a related case:

> The record demonstrates that the district court judge was not subpoenaed as a witness and did not testify in the proceedings. A criminal defendant cannot turn the district court judge into a material witness by introducing a stipulation of facts which the parties believe that the judge might testify to if he was in fact called as a witness. Thus, we reject Lankford's claim that the district court judge had become a material witness in the post conviction relief proceeding.

*State v. (Bryan) Lankford*, 113 Idaho 688, 701, 747 P.2d 710, 723 (1987), *vacated sub nom. on other grounds, Lankford v. Idaho*, 486 U.S. 1051, 108 S.Ct. 2815, 100 L.Ed.2d

917 (1988). The district judge did not err by not disqualifying himself from determining whether Lankford satisfied the prima facie burden under I.C. § 19–2719.

## IV.

### I.C. § 19–2719 IS CONSTITUTIONAL

 Finally, Lankford asserts that I.C. § 19–2719, as applied by this Court, is unconstitutional. Lankford claims that, because the current statutory scheme establishes no timeliness bar to claims for ineffective assistance of counsel in non-capital cases, application of the I.C. § 19–2719 bar under the facts of this case is unconstitutional.

This Court specifically rejected this argument in *State v. Beam*, 115 Idaho 208, 766 P.2d 678 (1988), *cert. denied*, 489 U.S. 1073, 109 S.Ct. 1360, 103 L.Ed.2d 827 (1989). Noting first that the rational basis test was the applicable standard through which the statute's constitutionality would be determined, the Court held:

> We hold that the legislature's determination that it was necessary to reduce the interminable delay in capital cases is a rational basis for the imposition of the 42–day time limit set for I.C. § 19–2719. The legislature has identified the problem and attempted to remedy it with a statutory scheme that is rationally related to the legitimate legislative purpose of expediting constitutionally imposed sentences. Accordingly, I.C. § 19–2719 does not violate the defendant's constitutional right to equal protection, and the trial court correctly denied [the defendant's] post conviction petition.

*Id.* at 213, 766 P.2d at 683; *see also State v. Hoffman*, 123 Idaho 638, 647, 851 P.2d 934, 943 (1993) (applying *Beam* to reject constitutional challenge to I.C. § 19–2719), *cert. denied*, —— U.S. ——, 114 S.Ct. 1387, 128 L.Ed.2d 61 (1994); *State v. Rhoades*, 120 Idaho 795, 806–07, 820 P.2d 665, 676–74 (1991) (upholding constitutionality of I.C. § 19–2719 under due process clause of U.S. Constitution), *cert. denied*, 504 U.S. 987, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992). We therefore reject Lankford's assertion that the capital post-conviction procedure statute is unconstitutional.

## V.

## CONCLUSION

This Court has reviewed the claims asserted in Lankford's petition for post-conviction relief and supporting documents. Lankford has failed to assert any claim not barred by I.C. § 19–2719. Accordingly, Lankford's appeal is dismissed.

JOHNSON, TROUT and SILAK, JJ., and LEGGETT, J. Pro Tem., concur.