903 P.2d 58

**Gerald Ross PIZZUTO, Jr.,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21637.

Supreme Court of Idaho,
Boise, February 1995 Term.

Aug. 3, 1995.

Rehearing Denied Oct. 17, 1995.

Radin & Webb, Idaho Falls, for appellant. John L. Radin argued.

Alan G. Lance, Idaho Atty. Gen., and Lynn E. Thomas, Deputy Atty. Gen. (argued), Boise, for respondent.

**OPINION AND ORDER GRANTING MOTION TO DISMISS APPEAL**

TROUT, Justice.

This capital case is before the Court on a motion by the State to dismiss the appeal of Gerald R. Pizzuto on the ground that I.C. § 19–2719 precludes further proceedings on Pizzuto's claims.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

In 1986, Pizzuto was convicted of two counts of first-degree murder, two counts of felony murder, one count of robbery, and one count of grand theft, all in connection with the deaths of Berta and Delbert Herndon in 1985. Pizzuto was sentenced to death for the murders. Following sentencing, Pizzuto filed his first petition for post-conviction relief alleging numerous errors in the proceedings leading to his conviction and sentencing. The district court denied post-conviction relief. Pizzuto appealed his convictions and the denial of post-conviction relief to this Court. In *State v. Pizzuto*, 119 Idaho 742, 810 P.2d 680 (1991), *cert. denied*, 503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 495 (1992), we affirmed the convictions and denial of post-conviction relief.

In 1994, Pizzuto filed a second petition for post-conviction relief in which he raised claims not raised in his first petition. At the same time, he made a motion to disqualify the presiding judge for cause. The district court dismissed the petition for post-conviction relief on the ground that the claims raised were known or reasonably should have been known, but not raised, at the time Pizzuto brought his first petition. Accordingly, these claims were forfeited pursuant to I.C. § 19–2719. The district court concluded that in light of its dismissal of the petition for post-conviction relief, the motion to disqualify was moot. Pizzuto appealed. The State then filed the present motion with this Court alleging that the claims raised by Pizzuto in his second petition are claims which were or could have been known at the time of the filing of the prior petition for post-conviction

relief. Therefore, the State contends that I.C. § 19–2719 bars any further action in state court on those claims and that this appeal should be summarily dismissed. We agree.

## II.

## ANALYSIS

### A. We Need not Address the District Court's Ruling on the Motion to Disqualify

Post-conviction proceedings are ordinarily governed by the provisions of the Uniform Post Conviction Procedure Act (I.C. §§ 19–4901 to –4911). This Court has held that proceedings under this Act are civil in nature and are governed by the Idaho Rules of Civil Procedure. *E.g., State v. Goodrich*, 104 Idaho 469, 471, 660 P.2d 934, 936 (1983) (citations omitted). Although I.C. § 19–2719 is not a part of the Uniform Act, it merely serves to modify post-conviction proceedings in capital cases. *State v. Rhoades*, 120 Idaho 795, 807, 820 P.2d 665, 677 (1991). Such proceedings in capital cases remain civil in nature and are therefore governed by the Rules of Civil Procedure. *See Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986) (citing *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983)).

I.R.C.P. 40(d)(2) provides that a party may make a motion to disqualify a judge for cause. Although the denial of such a motion is a matter within the sound discretion of the trial judge, I.R.C.P. 40(d)(5) provides that, "[u]pon the filing of a motion for disqualification, the presiding judge shall be without authority to act in such action except to grant or deny such motion for disqualification." We have held that all orders following the filing of a motion to disqualify (under I.C. § 1–1801(4), which has been repealed and is now implemented by I.R.C.P. 40), but prior to a ruling on that motion, "were improper, void and of no effect." *Lewiston Lime Co. v. Barney*, 87 Idaho 462, 467, 394 P.2d 323, 326 (1964). In this case, Pizzuto made a motion to disqualify the presiding judge for cause. The district judge, however, did not rule on that motion and simply dismissed Pizzuto's

petition for post-conviction relief. Pizzuto now contends that the district court erred.

■ Pizzuto's contentions ignore the procedural stance of this case. While it appears that the trial court did err, this question, along with the other issues raised in Pizzuto's appeal, is not before us. The time limitations contained in I.C. § 19–2719 are jurisdictional in nature, the statute specifically depriving the courts of Idaho of the power to consider any claims for relief that have been waived under the statute. I.C. § 19–2719(5). We have been asked by direct motion, to determine whether we or any other state court have jurisdiction to consider the claims raised by Pizzuto. Whether a court lacks jurisdiction to consider a particular claim is a question of law that can be raised at any time. *See State v. Tinno*, 94 Idaho 759, 761, 497 P.2d 1386, 1388 (1972). Since we are not reviewing or deferring to any determination made by the court below, we will proceed directly to address the question presented by the motion to dismiss before us.[1]

## B. I.C. § 19–2719 Precludes Further Proceedings in State Courts

■ I.C. § 19–2719 provides a defendant one opportunity to raise all challenges to a conviction and sentence in a petition for post-conviction relief *unless* it can be demonstrated that claims raised in a successive petition were not known and reasonably could not have been known within forty-two days of the entry of the judgment of conviction. *State v. Rhoades*, 120 Idaho 795, 820 P.2d 665 (1991), *cert. denied*, 504 U.S. 987, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992). A petitioner bringing a successive petition for post-conviction relief has a heightened burden and must make a *prima facie* showing that issues raised in that petition fit within the narrow exception provided by the statute. *Paz v. State*, 123 Idaho 758, 852 P.2d 1355 (1993). This is a burden that Pizzuto has failed to meet.

■ The claims raised in Pizzuto's second petition can be divided into three broad groups: (1) fact-specific claims based on alleged irregularities that occurred in this case;[2] (2) legal arguments of general applicability in all similar cases;[3] and (3) claims of ineffective assistance of counsel. With regard to the claims in the first two categories, all are of a type that should be immediately apparent upon the completion of trial and sentencing. Pizzuto has made no attempt to establish why these claims were not and could not have been raised in his first petition for post-conviction relief. Under the

1. In *Lankford v. State*, 127 Idaho 100, 897 P.2d 991 (1995), as in the present case, the State filed a motion seeking dismissal of the petitioner's appeal on the ground that I.C. § 19–2719 barred further consideration of Lankford's petition for post-conviction relief. We recognize that we proceeded, in that case, to review the district court's ruling on a motion for disqualification. *See Lankford* at 101–102, 897 P.2d at 992–93. However, the discussion in *Lankford* relating to the ruling on the motion for disqualification was unnecessary to the resolution of the motion before the Court and was, therefore, dicta.

2. This group of claims includes allegations that Pizzuto was: (1) denied an impartial judge; (2) denied the right to expert psychiatric assistance; (3) denied rights under the Fifth, Sixth, Eighth and Fourteenth Amendments based on the trial court's refusal to authorize funds for a neuropsychologist; (4) denied rights under the Sixth Amendment because the right to psychiatric assistance was conditioned on full disclosure of the psychiatrist's report; and (5) denied rights under the Eighth Amendment because the trial court relied on characteristics of the defendant bearing

no relationship to the State's interest in imposing the death penalty.

This group also includes allegations that the sentence imposed was invalid because: (1) counsel lacked assistance of independent experts in the fields of psychiatry, psychology, and neuropsychology; (2) the trial court relied on factors for which no evidence existed; (3) the trial court relied on information of which the defendant was unaware; (4) the trial court relied on *statements* obtained by a presentence investigator without Pizzuto being advised of his *Miranda* rights; (5) the trial court relied on the jury's finding that Pizzuto intentionally killed; and (6) the trial court used as an aggravating factor one already used to establish Pizzuto's eligibility for the death sentence.

3. This group of claims includes a claim that the reasonable doubt jury instruction was invalid; a claim that the sentence imposed is invalid because Idaho's sentencing statute does not comport with the requirements of the Eighth Amendment; and a claim that the sentence was invalid because Pizzuto was denied a right to a meaningful proportionality review due to alleged deficiencies in that statute.

rule enunciated in *Paz*, these claims have clearly been forfeited. Thus, the question is whether Pizzuto has made a sufficient showing with regard to the claims of ineffective assistance of counsel.

 Following his conviction and sentencing, Pizzuto requested the appointment of an independent "consulting attorney" to review the record for claims of ineffective assistance of counsel. The district court denied Pizzuto's request and suggested that if there were any issues relating to ineffective assistance, Pizzuto's trial counsel should move to withdraw from the case and have other counsel appointed. They did not do so and instead dealt with Pizzuto's first appeal and post-conviction petition themselves. Pizzuto now uses this as a basis for asserting that he could not reasonably have raised these claims in his first petition. He contends that because of the inherent conflict of interest, it was impossible for trial counsel to have raised claims of ineffective assistance against themselves.

A claim of ineffective assistance of counsel is also one that should reasonably be known immediately upon the completion of trial. *E.g., Fetterly v. State*, 121 Idaho 417, 419, 825 P.2d 1073, 1075 (1991), *cert. denied*, 506 U.S. 1002, 113 S.Ct. 607, 121 L.Ed.2d 542 (1992) (citations omitted). The record clearly reflects that at the time of the hearing on the first petition, Pizzuto's counsel was aware of the possible existence of claims of ineffective assistance, and that they discussed with Pizzuto the fact that he could assert such claims. It is also clear that they were aware of the consequences of a failure to raise those claims at that time. These are the very reasons that Pizzuto sought to have independent counsel appointed. We find no exception in the statute which allows Idaho courts to entertain a successive petition for post-conviction relief which raises claims that were known by a petitioner at the time of a prior petition, but were voluntarily not pursued at that time.

### III.

### CONCLUSION

Absent some extraordinary showing that claims in a successive petition for post-con-

viction relief could not have been brought within the statutory time frame, the courts of this state lack the authority to consider them. Because Pizzuto failed to raise the claims at issue within the period specified in I.C. § 19–2719, and because he has made no showing that the claims were not known and reasonably could not have been known at that time, he has waived them pursuant to the statute. Accordingly, the State's motion is granted and Pizzuto's appeal is hereby dismissed.

McDEVITT, C.J., JOHNSON and SILAK, JJ., and LEGGETT, J. Pro Tem., concur.