10 P.3d 742

**Gerald Ross PIZZUTO, Jr.,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 24802.

Supreme Court of Idaho,
Moscow, April 2000 Term.

Sept. 6, 2000.

Rehearing Denied Oct. 16, 2000.

Joan M. Fisher, Moscow; Robert Gombiner, Tacoma, Washington, for appellant. Robert Gombiner argued.

Hon. Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent. L. LaMont Anderson argued.

SILAK, Justice.

This is an appeal from the district court's summary dismissal of a third amended petition for post-conviction relief filed by appellant Gerald Ross Pizzuto, Jr. (Pizzuto). We affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

### A. Facts

Pizzuto was sentenced to death on May 23, 1986, after a jury found him guilty of two counts of first-degree murder. Prior to bringing an appeal to this court, Pizzuto filed his first petition for post-conviction relief, as required by section 19–2719 of the Idaho

Code. In the first petition for post-conviction relief, Pizzuto raised fourteen issues, including the constitutionality of Idaho's death penalty statute, and whether the Honorable George Reinhardt, the district judge who presided over Pizzuto's trial, should have been disqualified for cause. Pizzuto argued that Judge Reinhardt should have been disqualified because of his exposure to extraneous information regarding the murders during the trials of Pizzuto's co-defendants James Rice (Rice) and William Odom (Odom). The first petition for post-conviction relief was denied, and Pizzuto's conviction and sentence were affirmed by this Court in *State v. Pizzuto*, 119 Idaho 742, 810 P.2d 680 (1991) (*Pizzuto I*).

Pizzuto filed a second petition for post-conviction relief in 1994. In the second petition, Pizzuto claimed he had been denied the effective assistance of counsel because, among other reasons, his trial counsel had failed to request an investigator to interview and investigate the witnesses until 2 days before trial, which

> resulted in the failure of the defense to uncover significant evidence, including, but not limited to, information that one of the key witnesses to the trial, William Odom, had been a police informant in California; information regarding the circumstances of the armed robbery committed by James Rice, one of the other key witnesses in the case; [and] information about Rice and Odoms' [sic] criminal histories and work records....

Further, Pizzuto argued that trial counsel's failure to obtain transcripts of the sentencing hearings of Rice and Odom, both of which occurred prior to Pizzuto's sentencing, constitutes ineffective assistance of counsel because, but for the error, trial counsel would have developed and presented the concept of lingering doubt based largely on the testimony of Rice and Odom.

The Idaho Supreme Court affirmed the dismissal of the second petition in *Pizzuto v. State*, 127 Idaho 469, 903 P.2d 58 (1995) (*Pizzuto II*).

## B. Procedural Background

On April 13, 1998, Pizzuto filed an amended third petition for post-conviction relief, alleging that the prosecution had wrongfully withheld material exculpatory evidence, entitling him to a new trial under the rule set forth by the United States Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Pizzuto also requested that Judge Reinhardt disqualify himself, alleging that Judge Reinhardt was prejudiced against him. Judge Reinhardt declined to disqualify himself, and summarily dismissed Pizzuto's petition for post-conviction relief on May 26, 1998. Judge Reinhardt ruled that dismissal for lack of jurisdiction was required by I.C. § 19-2719(5) because Pizzuto had failed to show that he could not have raised the issues in his earlier petitions for post-conviction relief. Pizzuto appealed.

## II.

## ISSUES ON APPEAL

The appellant raises the following issues on appeal:

A. Whether the district court erred in summarily dismissing Pizzuto's third amended petition for post-conviction relief.

B. Whether Judge Reinhardt erred in not disqualifying himself for cause.

## III.

## STANDARD OF REVIEW

Section 19-2719 of the Idaho Code states that a defendant is deemed to have waived any claims if he or she fails to apply for relief within the statutory time limits, and that "the courts of Idaho" shall have no power to consider any such claims for relief as have been so waived ...." I.C. § 19-2719(5). Whether a successive petition for post-conviction relief was properly dismissed pursuant to I.C. § 19-2719 is a question of law. This Court reviews questions of law de novo. *See State, Dept. of Finance v. Resource Service, Co.*, 130 Idaho 877, 880, 950 P.2d 249, 252 (1997). The decision of a district judge not to disqualify himself is discre-

tionary, and will not be overturned absent an abuse of discretion. *See State v. Wood*, 132 Idaho 88, 107, 967 P.2d 702, 721 (1998).

## IV.

## ANALYSIS

### A. The District Court Did Not Err In Summarily Dismissing Pizzuto's Third Amended Petition For Post-conviction Relief.

Pizzuto argues that the district court erred in summarily dismissing the petition for post-conviction relief because the prosecution withheld material exculpatory or impeaching evidence from Pizzuto's defense counsel. On appeal, Pizzuto argues that the confidence of his conviction is undermined by the alleged suppression of the following evidence:

1. Information that Rice was diagnosed with anti-social personality disorder, which obscured his ability "to stick with the historical truth," as well as " a life long pattern of attempting to tell people what he thinks they want to hear."

2. Information known to the prosecution that Rice was believed by his own attorneys to be incompetent and incapable of discerning "truth from reality" at the time he accused Pizzuto of the killings.

3. Information known to the prosecutor that Odom was an informant for the State of Idaho.

4. Information known to the state that Odom had worked for various law enforcement agencies, which was inconsistent with Odom's testimony at trial.

5. Information known by the state that Odom had threatened a witness at the time of his arrest.

6. Information that Odom fabricated incidents to his presentence investigator in 1980, including claiming to have been "stabbed and shot by Mexicans" as his reason for dropping out of school, and "fabricated other areas of his life" and had "an inability to deal with reality."

7. Information that Odom violated the conditions of a prior probation.

8. Information that Odom has tattoos reading "Grim Reaper" and "Desperado."

Pizzuto maintains that Rice and Odom's testimony against him could have been successfully impeached if the prosecution had not suppressed the above information.

 The United States Supreme Court has held that a defendant's due process rights are violated when the prosecution withholds material exculpatory evidence. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (1963). The U.S. Supreme Court has also held that for *Brady* purposes, impeaching evidence should be treated in the same manner as exculpatory evidence. *See Strickler v. Greene*, 527 U.S. 263, 275, 119 S.Ct. 1936, 1945, 144 L.Ed.2d 286, 298 (1999); *Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490, 505 (1995); *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481, 494 (1985). The district court, however, did not address the issue of whether Pizzuto's rights were violated when the prosecution failed to disclose certain information. Instead, the district court ruled that the third petition must be dismissed pursuant to I.C. § 19–2719(5) because the violations of which Pizzuto complained could have been raised during the first petition for post-conviction relief and were therefore waived when Pizzuto failed to raise them.

### a. Successive petitions for relief which present only impeaching issues are facially insufficient pursuant to I.C. § 19–2719(5)(b).

 Section 19–2719 provides that the defendant must file any legal or factual challenge to the sentence or conviction that is "known or reasonably should be known" within forty-two days of the filing of the judgment imposing the death sentence. *See* I.C. § 19–2719(3). The statute further provides:

(5) If the defendant fails to apply for relief as provided in this section and within the time limits specified, he shall be deemed to have waived such claims for

relief as were known, or reasonably should have been known. The courts of Idaho shall have no power to consider any such claims for relief as have been so waived or grant any such relief.

(a) An allegation that a successive post-conviction petition may be heard because of the applicability of the exception herein for issues that were not known or could not reasonably have been known shall not be considered unless the applicant shows the existence of such issues by (i) a precise statement of the issue or issues asserted together with (ii) material facts stated under oath or affirmation by credible persons with first hand knowledge that would support the issue or issues asserted. A pleading that fails to make a showing of excepted issues supported by material facts, or which is not credible, must be summarily dismissed.

(b) A successive post-conviction pleading asserting the exception shall be deemed *facially insufficient* to the extent it alleges matters that are *cumulative or impeaching* or would not, even if the allegations were true, cast doubt on the reliability of the conviction or sentence.

I.C. § 19–2719(5) (emphasis added). The elements of evidence which Pizzuto claims were wrongfully withheld are all of an impeaching nature. None of the "newly discovered" evidence tends to show that Pizzuto was not involved in the crime, but could have been used only to attack the reliability of the testimony given by Pizzuto's co-defendants. While the United States Supreme Court has held that impeaching evidence may be material for the purposes of determining whether the defendant was denied a fair trial, *see, e.g., Kyles,* 514 U.S. at 433, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490, 505 the statute governing post-conviction relief procedure states that a successive post-conviction pleading "shall be deemed facially insufficient to the extent it alleges matters that are cumulative or im-

peaching." I.C. § 19–2719(5)(b).[1] Since the withheld information of which Pizzuto complains in this successive petition would have been used only to impeach the testimony of Rice and Odom, we affirm the district court's dismissal of the third amended petition for post-conviction relief.

**b. Pizzuto should have known about the withheld information at the time of the first petition for post-conviction relief.**

Even if Pizzuto's third amended petition for post-conviction relief were not facially insufficient because it presented only impeaching issues, it was nonetheless properly dismissed because Pizzuto knew or should of known of the alleged withheld evidence at the time of his first petition for post-conviction relief and raised the issues there.

Section 19–2719 requires that all post-conviction relief claims which are known, or reasonably should be known, be brought within 42 days of the filing of the judgment imposing the death sentence. *See* I.C. § 19–2719(5). This Court has repeatedly held that I.C. § 19–2719 requires the dismissal of successive petitions for post-conviction relief which fail to qualify for the narrow exception set forth in I.C. § 19–2719(5). *See generally, Paradis v. State,* 128 Idaho 223, 912 P.2d 110 (1996); *Pizzuto v. State,* 127 Idaho 469, 903 P.2d 58 (1995); *Lankford v. State,* 127 Idaho 100, 897 P.2d 991 (1995); *Paz v. State,* 123 Idaho 758, 852 P.2d 1355 (1993); *Fetterly v. State,* 121 Idaho 417, 825 P.2d 1073 (1991).

The exception, under I.C. § 19–2719(5), allows petitioners to raise successive petitions for post-conviction relief which are grounded in "issues that were not known or could not reasonably have been known" as long as the defendant shows the existence of such issues by providing a precise statement of the asserted issues and material facts. The supporting facts must be "stated under oath or affirmation by credible persons with first

---

1. Idaho Code § 19–2719 requires a defendant to raise any claims that the prosecution wrongfully withheld impeachment evidence in his or her first petition for post-conviction relief, or not at all. While this result seems at odds with the United States Supreme Court's determination that exculpatory and impeaching evidence

should be treated in the same manner when analyzing *Brady* claims, *see Kyles,* 514 U.S. at 433, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490, 505; *Bagley,* 473 U.S. at 685, 105 S.Ct. 3375, 3385, 87 L.Ed.2d 481, 496 Pizzuto has not argued in this appeal that I.C. § 19–2719(5)(b) is unconstitutional.

hand knowledge...." I.C. § 19–2719(5)(a). A capital defendant who brings a successive petition for post-conviction relief faces "a heightened burden and must make a *prima facie* showing that the issues raised in that petition fit within the narrow exception provided by the statute." *Pizzuto II,* 127 Idaho at 471, 903 P.2d at 60. This Court upheld the constitutionality of I.C. § 19–2719 in *Lankford,* 127 Idaho at 102, 897 P.2d at 993 (citing *State v. Beam,* 115 Idaho 208, 766 P.2d 678 (1988)).

Pizzuto argues that the evidence could not have been reasonably known during the time of the first petition because his counsel relied on the prosecution's representation that all of the requested material had been submitted to the defense. Pizzuto also argues that it was impossible to have known the information at the time of the first petition because the prosecution dishonestly withheld the information, and that the prosecution bears the risk of losing a conviction when it chooses not to disclose exculpatory information.

■ The State points out, however, that the information in question was available to the defense earlier in Pizzuto's post-conviction proceedings. The information regarding Rice's mental condition, for example, was based on a November 14, 1985 motion to obtain a qualified psychiatrist for the defense and the resultant psychological evaluations performed by Michael P. Emery, Ph.D. on December 12, 1985, and Dr. Roger K. White on December 23, 1985. The results of Rice's evaluations were reported in two letters addressed directly to the district court, dated January 6 and January 23, 1986. This Court's opinion in *Pizzuto I* indicates that Pizzuto was aware of the letters' existence at the time of his first appeal. *See Pizzuto I,* 119 Idaho at 775–76, 810 P.2d at 715–16. Additionally, the motion and order granting Rice's psychological evaluation were contained in Rice's case file, which according to an affidavit signed by a clerk in the Idaho County clerk's office was always "open to inspection and review of the public upon request...." We therefore hold that Pizzuto either knew or should have known of Rice's psychological problems and their pos-

sible use as impeaching evidence at the time of his first appeal.

■ The information regarding Odom was likewise discoverable at an earlier date. Much of the information which Pizzuto claims was wrongfully withheld was incorporated into Odom's case file, including his work history, his experience as a police informant, that he had fabricated events in the past, and the fact that he had violated the terms of probation from an earlier offense were discussed at Odom's sentencing hearing. This information could have been discovered much earlier by reviewing Odom's case file, which is on the public record. In fact, Pizzuto must have been aware of the information at least by the time he filed his second petition for post-conviction relief, since at that time he claimed that he had been denied effective assistance of counsel because his attorney had failed to obtain transcripts from Rice and Odom's sentencing hearings.

■ The claim that the prosecution withheld the information that Odom had threatened a witness at the time of arrest is based only on an undated, unsigned note found in Odom's Idaho Department of Corrections file. There is no evidence that the note existed at the time of trial, or that prosecution was aware of the threat or the note's existence at the time of trial. The fact that Odom had "Grim Reaper" and "Desperado" tattoos, even if wrongfully withheld by the prosecution, does not qualify for the exception to the I.C. § 19–2719 time limitations because it would not "cast doubt on the reliability" of Pizzuto's conviction or sentence. *See* I.C. § 19–2719(5)(b).

■ Therefore, even if the prosecution wrongfully failed to disclose the information regarding Rice and Odom, Pizzuto either knew of the information or could have discovered it at an earlier date by reviewing his co-defendants' case files. Even where successive post-conviction claims could not have been known within the 42–day statutory period, I.C. § 19–2719 still requires a defendant to bring the claims within a reasonable time after the claims were known or should have been known. *See Paradis v. State,* 128 Idaho 223, 227, 912 P.2d 110, 114 (1996); *Paz v.*

*State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993). This Court has held that the lapse of four years after a defendant should have known of post-conviction relief claims is an unreasonable delay in raising those claims. *See Paz*, 123 Idaho at 760, 852 P.2d at 1357. Since more than 10 years have passed since the information could reasonably have been known, this Court holds that the district court did not err in dismissing the petition.

### B. Judge Reinhardt Did Not Abuse His Discretion In Declining To Disqualify Himself.

 Pizzuto argues that Judge Reinhardt, who presided at Pizzuto's trial and post-conviction relief proceedings, was prejudiced and should have disqualified himself because he was aware of the impeachment evidence that was allegedly withheld from the defense.[2] Pizzuto has unsuccessfully challenged Judge Reinhardt's refusal to disqualify himself from this case since Pizzuto's first appeal. In *Pizzuto I*, this court observed:

> It has been held that the right to due process requires an impartial trial judge. *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); *State v. Lankford*, 116 Idaho 860, 781 P.2d 197 (1989). However, a judge may not be disqualified for prejudice unless it is shown that the prejudice is directed against the party and is of such nature and character as would render it improbable that under the circumstances the party could have a fair and impartial trial. *State v. Lankford, id; State v. Waterman*, 36 Idaho 259, 210 P. 208 (1922); *Bell v. Bell*, 18 Idaho 636, 111 P. 1074 (1910). In order to constitute legal bias or prejudice, allegations of prejudice in post-conviction and sentence reduction proceedings must state facts that do more than simply explain the course of events involved in a criminal trial. *State v. Lankford*, 113 Idaho 688, 701, 747 P.2d 710, 723

(1987). "In Idaho a judge cannot be disqualified for actual prejudice unless it is shown that the prejudice is directed against the litigant and is of such a nature and character that it would make it impossible for the litigant to get a fair trial." *State v. Lankford*, 113 Idaho 688, 700, 747 P.2d 710, 722 (1987); *State v. Waterman*, 36 Idaho 259, 210 P. 208 (1922). Whether the judge's involvement in the defendant's case reaches the point where disqualification from further participation in a case becomes necessary is left to the sound discretion of the trial judge. *Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1987). *Pizzuto I*, 119 Idaho at 776, 810 P.2d at 714. This Court has also observed that even where a trial judge is exposed to prejudicial information, judges are usually presumed to be "capable of disregarding that which should be disregarded" in our judicial system. *See Sivak*, 112 Idaho at 205, 731 P.2d at 200. We therefore hold that Pizzuto has failed to show that Judge Reinhardt abused his discretion in refusing to disqualify himself.

### V.

### CONCLUSION

We hold that the district court did not err in dismissing Pizzuto's third amended petition for post-conviction relief. We also hold that Judge Reinhardt did not err in declining to withdraw from the post-conviction relief proceedings.

Chief Justice TROUT, Justices WALTERS and KIDWELL concur.

Justice SCHROEDER concurs in the result based upon the Court's analysis in Part IV A(b).

---

**2.** The motion for disqualification was supported by affidavits submitted by Pizzuto's current and former lawyers, who testified that Judge Reinhardt failed to disclose potential impeachment evidence which he had learned while presiding of the trials of Rice and Odom. The motion was also accompanied by affidavits submitted by Pizzuto's father, mother, and sister, who testified that Judge Reinhardt told them that Pizzuto was a "murderer," "scum," and that "they were going to burn" Pizzuto. Pizzuto has not argued that these statements are evidence of prejudice during this appeal, however.