## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 51229

| | | |
|---|---|---|
| THOMAS EUGENE CREECH, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Boise, February 2024 Term |
| | ) | |
| v. | ) | Opinion filed: February 9, 2024 |
| | ) | |
| STATE OF IDAHO, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Jason D. Scott, District Judge.

The district court's judgment is affirmed.

Federal Defender Services of Idaho, attorneys for Appellant. Jonah J. Horwitz argued.

Raúl R. Labrador, Idaho Attorney General, Boise, attorneys for Respondent. L. LaMont Anderson argued.

_____

BEVAN, Chief Justice.

Thomas Eugene Creech appeals from the district court's order dismissing his successive post-conviction petition for relief as untimely. Creech was sentenced to death in 1995 for the murder of fellow inmate David Jensen. Creech argues that his death sentence, which was imposed by a judge without the participation of a jury, is unlawful based on the prohibition against cruel and unusual punishment under the U.S. Constitution and the Idaho Constitution. The district court dismissed Creech's petition as untimely under Idaho Code section 19-2719. For the reasons stated below, we affirm.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Creech is a capital inmate incarcerated by the State of Idaho.[1] He pleaded guilty to first-degree murder in 1981 and was sentenced to death by a judge in 1982. Creech appealed his death sentence to this Court, where he argued that "Idaho's death penalty provisions are unconstitutional [because] jury participation is not required in the sentencing decision, but rather the discretion to impose a death sentence is vested in a judge." *State v. Creech (Creech I)*, 105 Idaho 362, 372, 670 P.2d 463, 473 (1983). This Court rejected that argument, holding that "there is no federal constitutional requirement of jury participation in the sentencing process and that the decision to have jury participation in the sentencing process, as contrasted with judicial discretion sentencing, is within the policy determination of the individual states." *Id.* at 373, 670 P.2d at 474.

Creech then filed his first habeas petition, which was denied by the federal district court. *Creech v. Arave (Creech III)*, 947 F.2d 873, 875 (9th Cir. 1991). On appeal to the Ninth Circuit Court of Appeals, Creech argued "that the Constitution guarantees a jury trial on the existence of aggravating circumstances which may result in the imposition of the death penalty." *Id.* at 885. The Ninth Circuit declined to adopt that argument, but granted Creech habeas relief regarding his death sentence. *Id.* at 881-86. The United States Supreme Court reversed part of the Ninth Circuit's decision, but it did not disturb the grant of relief on Creech's death sentence. *See Arave v. Creech (Creech IV)*, 507 U.S. 463 (1993). Based on that grant of relief, the Court remanded the case for further proceedings because Creech was entitled to resentencing in state district court under the Ninth Circuit's order. *Id.*

Creech was resentenced in state district court in March 1995. *State v. Creech (Creech V)*, 132 Idaho 1, 6, 966 P.2d 1, 6 (1998). After hearing new mitigating evidence, Creech was sentenced to death by a judge, without jury participation. *Id.* at 6, 966 P.2d at 6. The 1995 death sentence remains in effect today and is the sentence from which Creech's successive post-conviction case derives.

Following a series of state and federal proceedings, Creech filed his second successive post-conviction petition in state court. In his petition, Creech argued that his death sentence was unconstitutional under the Sixth Amendment and that he was entitled to jury sentencing under *Ring v. Arizona*, 536 U.S. 584, 606-07 (2002), which held that statutory aggravating factors must

---

[1] Creech's prior cases are complex and begin in the 1970s. The history is partly recounted in *Creech v. Richardson*, 59 F.4th 372, 376-82 (9th Cir.), *cert. denied*, 144 S. Ct. 291 (2023). For ease of reference, this opinion briefly summarizes the relevant appeals and post-conviction claims that predate this appeal.

be found by juries rather than judges. The district court dismissed the successive petition and this Court affirmed.

After those state proceedings ended, the stay on a federal habeas proceeding that Creech initiated in 1999 was lifted. When Creech resumed his federal habeas case, he raised a variety of new claims, which included several jury sentencing claims. The federal district court dismissed those claims, *Creech v. Hardison*, CV 99-0224-S-BLW, 2006 WL 851113, at *1 (D. Idaho Mar. 29, 2006) (unpublished), and after a protracted series of habeas proceedings, the Ninth Circuit affirmed, *Creech v. Richardson (Creech VIII)*, 59 F.4th 372, 381 (9th Cir. 2022), and the U.S. Supreme Court denied certiorari on October 10, 2023. *Creech v. Richardson*, 144 S. Ct. 291 (2023).

After the Supreme Court of the United States denied certiorari, the district court issued a death warrant for Creech on October 12, 2023, scheduling his execution for November 8, 2023. The next day, Creech filed the successive petition for post-conviction relief that is at issue. On October 16, 2023, the district court *sua sponte* dismissed Creech's petition as untimely under Idaho Code section 19-2719. Creech timely filed a notice of appeal later that day.

Creech later sought and was granted a clemency hearing before the Idaho Commission of Pardons and Parole. As a result, on October 19, 2023, the district court stayed Creech's execution. I.C. § 19-2715(1). The Idaho Commission of Pardons and Parole denied Creech's clemency request on January 29, 2024. On January 30, 2024, the district court signed a new death warrant setting Creech's execution date for February 28, 2024.

## II. ISSUES ON APPEAL

1. Did the district court err in *sua sponte* dismissing Creech's successive petition for post-conviction relief?

2. Did the district court err in concluding that Creech's successive petition for post-conviction relief was untimely?

## III. STANDARDS OF REVIEW

"Whether a successive petition for post-conviction relief was properly dismissed pursuant to [Idaho Code section] 19-2719 is a question of law. This Court reviews questions of law de novo." *Dunlap v. State*, 59 Idaho 280, 292, 360 P.3d 289, 301 (2015) (quoting *Fields v. State*, 154 Idaho 347, 349, 298 P.3d 241, 243 (2013)). "A court must summarily dismiss any successive petition that does not meet the requirements of [Idaho Code section] 19-2719(5)." *McKinney v. State*, 133 Idaho 695, 701, 992 P.2d 144, 151 (1999).

## IV. ANALYSIS

### A. The district court did not err in dismissing Creech's petition *sua sponte.*

Creech argues that the district court erred in *sua sponte* dismissing his petition for post-conviction relief on timeliness grounds without giving him the twenty-day notice required by Idaho Code section 19-4906(b), and without providing the State an opportunity to respond to Creech's petition. The State counters that Creech's petition, as a successive petition for post-conviction relief, is governed by the "[s]pecial appellate and post-conviction procedure for capital cases" set forth in Idaho Code section 19-2719. Those procedures require a successive petition for post-conviction relief be dismissed summarily unless it is filed within forty-two days of the time "such claims for relief were known or should have been known." I.C. § 19-2719(5). We affirm the district court and hold that it properly applied the forty-two-day time limit of section 19-2719(5) to Creech's latest petition. Since the petition was untimely, the district court had "no power to consider any such claims for relief," *id.*, and was required to dismiss the petition summarily. I.C. § 19-2719(11).

Post-conviction proceedings are civil cases and governed by the Idaho Rules of Civil Procedure. *Pizzuto v. State*, 127 Idaho 469, 470, 903 P.2d 58, 59 (1995). Idaho Code section 19-4906(b), which is part of the Uniform Post-Conviction Procedure Act ("UPCPA"), governs the summary dismissal of post-conviction proceedings generally. It permits trial courts to issue *sua sponte* notice of intent to dismiss such actions:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

I.C. § 19-4906(b).

Creech's argument that the district court erred by dismissing his petition *sua sponte* without providing notice is unavailing. If this matter were governed by this section of the UPCPA, his argument might have merit. That said, this case involves a successive petition for post-conviction relief by a defendant in a capital case. The procedures governing the process in such cases are delineated in Idaho Code section 19-2719. This Court has held that section 19-2719,

which again, applies specifically to capital post-conviction matters, "supersedes the UPCPA to the extent that their provisions conflict." *McKinney*, 133 Idaho at 700, 992 P.2d at 149. "[Idaho Code section] 19-2719 is not a part of the [UPCPA], it merely serves to modify post-conviction proceedings in capital cases." *Pizzuto*, 127 Idaho at 470, 903 P.2d at 59.

Section 19-2719 sets forth special appellate and post-conviction procedures that apply in all capital cases. *Fields v. State*, 151 Idaho 18, 23, 253 P.3d 692, 697 (2011). These "special procedures shall be interpreted to accomplish the purpose of eliminating unnecessary delay in carrying out a valid death sentence." I.C. § 19-2719. We interpret the statute accordingly.

The Idaho Legislature has provided a directive that petitions not meeting the strictures of subsection five of Idaho Code section 19-2719 "shall be dismissed *summarily*[,]" *i.e. without notice* to the petitioner:

> Any successive petition for post-conviction relief not within the exception of subsection (5) of this section *shall be dismissed summarily*. Notwithstanding any other statute or rule, the order of dismissal shall not be subject to any motion to alter, amend or reconsider. Such order shall not be subject to any requirement for the giving of notice of the court's intent to dismiss. The order of dismissal shall not be appealable.

I.C. § 19-2719(11) (emphasis added).

Creech argues that notwithstanding the clear mandate of this statute, interpreting Idaho Code section 19-2719 to permit *sua sponte* dismissals without notice in capital cases produces absurd results. This is so, he argues, because, quoting Creech's brief, such an interpretation would mean that

> a post-conviction petitioner convicted of shoplifting and facing a six-month sentence will always be able to respond to the potential bases for the dismissal of his claims, in the form of a response to the district court's notice of intent and potentially also in the form of responding to the State's motion to dismiss [pursuant to I.C. § 19-4906(b)]. Yet a post-conviction petitioner convicted of first-degree murder and facing an execution might see his claim dismissed three calendar days after he filed it without any document being filed by the State and without any notice whatsoever.

Creech is correct that the notice provision of Idaho Code section 19-4906(b) requires twenty-days' notice to a petit thief who seeks post-conviction relief. But the fact that notice is not also required for a petitioner filing an untimely successive petition does not lead to an absurd result. If the district court determines that a successive petition in a death penalty case is untimely, it has no choice but to summarily dismiss the petition by the plain reading of the statute. *See* Idaho

Code § 19-2719. This is a requirement the legislature has imposed in an effort to "eliminat[e] unnecessary delay in carrying out a valid death sentence." *Id*. The summary dismissal provision in this section promotes those ends.

This statute is directly applicable here and the district court correctly applied it.

**B. Creech's successive post-conviction petition is untimely.**

Along with the summary dismissal question, Creech argues that the district court erred in concluding that his successive post-conviction claim was timely based on an "evolving standards of decency" standard Creech claims is applicable under the Eighth Amendment.[2] He asserts that a unique mixture of history and present judgment render his judge-imposed death sentence cruel and unusual punishment and that his evolving standards claim is timely. He relies on alleged historical and recent changes in societal norms that made his petition timely when filed on October 13, 2023. These evolving standards include two primary data points: (1) A moratorium on the death penalty imposed by the governor of Arizona in January 2023; and (2) the absence of executions of judge-sentenced defendants in the time after the moratorium. Creech also argues that the Arizona moratorium could not have been relied on as setting an evolving standard in early 2023 because the Arizona Supreme Court issued a death warrant on a jury-sentenced defendant named Aaron Gunches in February 2023. Although this warrant expired on April 5, 2023, Creech explains the delay in bringing his petition by maintaining that the standard of decency in his case was unclear at that point due to the unsettled legal environment in Arizona. Even so, he waited until October 13, 2023, the day after Creech's latest death warrant was issued, to file his petition.

Idaho Code section 19-2719 generally provides a capital defendant with "one opportunity to raise all challenges to the conviction and sentence in a post-conviction relief petition." *State v. Rhoades*, 120 Idaho 795, 806-07, 820 P.2d 665, 676-77 (1991); *see also Paradis v. State*, 128 Idaho 223, 226, 912 P.2d 110, 113 (1996). A defendant who has been sentenced to death has forty-two days from the filing of the judgment imposing the death sentence to file "any legal or factual challenge to the sentence or conviction that is known or reasonably should be known." I.C. § 19-2719(3). A challenge not filed within the forty-two-day filing period is waived. I.C. § 19-2719(5).

---

[2] A death penalty must accord with contemporary moral and social values by reflecting "the evolving standards of decency that mark the progress of a maturing society." *State v. Creech*, 105 Idaho 362, 381, 670 P.2d 463, 482 (1983) (quoting *Gregg v. Georgia,* 428 U.S. 153, 181-82 (1976)).

Creech relies on the statutory exception for challenges that "were not known or could not reasonably have been known" within the initial forty-two-day period:

> If the defendant fails to apply for relief as provided in this section and within the time limits specified, *he shall be deemed to have waived such claims for relief as were known, or reasonably should have been known*. The courts of Idaho shall have no power to consider any such claims for relief as have been so waived or grant any such relief.
>
> > (a) An allegation that *a successive post-conviction petition may be heard because of the applicability of the exception herein for issues that were not known or could not reasonably have been known* shall not be considered unless the applicant shows the existence of such issues by (i) a precise statement of the issue or issues asserted together with (ii) material facts stated under oath or affirmation by credible persons with first hand knowledge that would support the issue or issues asserted. A pleading that fails to make a showing of excepted issues supported by material facts, or which is not credible, must be summarily dismissed.

I.C. § 19-2719(5) (emphasis added).

This exception permits a successive petition "in those *unusual* cases where it can be demonstrated that the issues raised were not known and reasonably could not have been known within the time frame allowed by the statute." *Rhoades*, 120 Idaho at 807, 820 P.2d at 677 (emphasis added); *see also McKinney*, 133 Idaho at 701, 992 P.2d at 151. "The statute requires an objective examination of whether a defendant should have known of a claim at the time of the filing of the first petition." *Hairston v. State*, 144 Idaho 51, 56, 156 P.3d 552, 557 (2007). A capital defendant who brings a successive petition for post-conviction relief has a "heightened burden and must make a prima facie showing that issues raised in that petition fit within the narrow exception provided by the statute." *Pizzuto*, 127 Idaho at 471, 903 P.2d at 60 (emphasis added).

Creech filed the petition at issue here on October 13, 2023. Creech has admitted that nothing unusual occurred during the forty-two days prior to October 13 that would have triggered the commencement of the forty-two-day window on or after September 1. For his petition to be timely when it was filed in October, something giving rise to Creech's claim must have surfaced in the forty-two days before his filing on October 13. No such facts exist.

As the record shows, even if we accept for purposes of argument that the current status of death penalty litigation in the United States somehow reflects an evolving standard that triggered the exception to the statute of limitations in section 19-2719(5), none of those triggers occurred during the forty-two days before October 13. As the district court correctly recognized, "[n]othing

of import to the viability of the claim asserted in the petition is alleged to have either happened or come to light . . . between September 1 and the filing of the petition" on October 13, 2023. The district court found that Creech's claim "could have been asserted before September 1, with no less force than it can be asserted now," and that it "does not genuinely depend on anything that has happened or come to light since September 1." We agree with the district court's conclusions. Thus, we hold that Creech failed to articulate a claim based on information he did not know or could not have known. As the claim is untimely, the district court properly dismissed it.

### 1. Requiring evolving standards claims to comply with the statute of limitations in Idaho Code section 19-2719 does not create due process concerns.

In a related argument, Creech maintains that denying his claim based on timeliness violates "the Due Process Clause of the United States and Idaho Constitutions" because the lack of clear guidance on when a claim is ripe makes it so he has a "right without a remedy." We disagree. Due process claims associated with Idaho Code section 19-2719 have been repeatedly rejected by this Court:

> Abdullah also makes a passing effort at challenging the constitutionality of the time-bar in Idaho Code section 19-2719(5) as violative of due process to the extent it precludes the airing of *Brady* claims which reasonably could have been brought in a prior petition. As explained above, "even if the State violated a petitioner's right to due process by withholding evidence, *the petitioner [is still] required to raise this issue, like other constitutional issues, within the time frame mandated by [Idaho Code section] 19-2719.*" *Porter*, 136 Idaho at 261, 32 P.3d at 155; *McKinney*, 133 Idaho at 706–07, 992 P.2d at 155–56; *Rhoades*, 120 Idaho at 806–07, 820 P.2d at 676–74 (upholding the constitutionality of the general time-bar against capital petitioners under section 19-2719 under a procedural due process challenge); *Pizzuto*, 149 Idaho at 165, 233 P.3d at 96 (explaining that the issue is "settled"—Idaho Code section 19-2719 does not violate the Due Process Clause of the United States and Idaho Constitutions). Thus, an extensive discussion on [the] challenge here is unnecessary because it has already been rejected.

*Abdullah v. State*, __ Idaho __, 539 P.3d 947, 962–63 (2023) (emphasis added). As we explained, Creech could have satisfied the exception under Idaho Code section 19-2719(5) by bringing his claim within forty-two days of when he knew or reasonably should have known of the facts supporting his claim, even if the facts to sustain his claim developed more than forty-two days after judgment. His decision to wait to file his claim in October 2023 does not create a due process violation.

*2. The text of the Eighth Amendment does not support Creech's timeliness argument.*

Finally, Creech maintains that the text of the Eighth Amendment supports his proposal to use the date the State issued a death warrant as the start of the forty-two-day statute of limitations period. Creech argues that the *infliction* of a punishment is distinct from its *imposition*. As a result, Creech maintains that capital punishment is inflicted when the State issues a death warrant, while a punishment is imposed when the defendant is sentenced. Thus, according to Creech, the infliction of the punishment triggers Idaho's statute of limitations under Idaho Code section 19-2719.

Such an interpretation is unsupported by the legal framework for Creech's claims, and it would effectively eliminate the statute of limitations under Idaho Code 19-2719 because every petitioner could assert an evolving standards claim at the last possible date—i.e., shortly before their scheduled execution date—rather than when the claim becomes known or reasonably should have been known. Permitting successive filings based on the issuance of a death warrant would thwart the stated purpose of Idaho Code section 19-2719 by creating unnecessary delays in carrying out otherwise valid death sentences. Therefore, we hold that the time constraints of section 19-2719(5) do not violate the Eighth Amendment and we decline to adopt the issuance of the death warrant as the trigger for a timely evolving standards petition.

## V. CONCLUSION

The district court's judgment dismissing Creech's petition as untimely is affirmed. Shortly before oral argument Creech moved to stay his execution date of February 28, 2024, as set forth in the death warrant. Having issued this opinion more than fourteen days before February 28, we see no need to stay the execution date set forth in the death warrant. Creech's motion to stay execution is therefore denied.

Justices BRODY, MOELLER, and MEYER, and Justice Pro Tem BURDICK CONCUR.

9