912 P.2d 110

**Donald M. PARADIS, Petitioner– Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21629.

Supreme Court of Idaho, Boise, November 1994 Term.

Feb. 21, 1996.

Skinner, Fawcett & Mauk, Boise; Coudert Brothers, New York City, for appellant. William L. Mauk, argued.

Hon. Alan G. Lance, Attorney General; Lynn E. Thomas, Deputy Attorney General (argued) Boise, for respondent. Lynn E. Thomas, argued.

McDEVITT, Chief Justice.

This is a capital case before this Court on the State's Motion to Dismiss the appeal of Donald Manuel Paradis (Paradis) from the district court's dismissal of Paradis's Amended Second Petition for Post–Conviction Relief and denial of Paradis's Motion to Reconsider or Alter and Amend Decision.

## I.

### BACKGROUND AND FACTS

Paradis was convicted of the first-degree murder of Kimberly Ann Palmer (Palmer) and was sentenced to death. The Supreme Court affirmed the district court's judgment of conviction for first-degree murder and imposition of the death sentence upon that conviction. *State v. Paradis,* 106 Idaho 117, 676 P.2d 31 (1983), *cert. denied,* 468 U.S. 1220, 104 S.Ct. 3592, 82 L.Ed.2d 888 (1984) (*Paradis I* ). Paradis's Petition for Rehearing was denied on February 14, 1984.

Paradis filed a Petition for Post–Conviction Relief on April 13, 1984, which was amended on October 2, 1984. The district court granted summary judgment in favor of the State, dismissing Paradis's Petition for Post–Conviction Relief. This Court upheld the decision of the district court, concluding that Paradis failed to raise any genuine issues of material fact in his Post–Conviction Relief Petition and that the State was entitled to judgment as a matter of law. *Paradis v. State,* 110 Idaho 534, 716 P.2d 1306 (1986). Paradis's Petition for Rehearing was denied on April 30, 1986.

On June 27, 1989, Paradis filed a Second Petition for Post–Conviction Relief. The State filed a Motion to Dismiss Paradis's Second Petition for Post–Conviction Relief on May 21, 1993. Between Paradis's filing of the Second Petition in June 1989 and the filing of the State's Motion to Dismiss in May 1993, this case was retained on the district court's calendar pending the disposition of Paradis's case in the federal courts.[1]

On August 27, 1993, Paradis filed an Amended Second Petition for Post–Conviction Relief. In his Amended Second Petition, Paradis made claims for relief based on (1) newly discovered evidence which contradicted testimony and other evidence presented by the State during Paradis's trial; (2) a

---

1. Paradis filed a Writ of *Habeas Corpus* with the United States District Court for the District of Idaho on June 9, 1986, which was denied on July 30, 1987. *Paradis v. Arave,* 667 F.Supp. 1361 (D.Idaho 1987). On March 30, 1988, Paradis appealed the decision to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit Court of Appeals rendered its decision on January 23, 1992, affirming in part and reversing in part the United States District Court's decision. *Paradis v. Arave,* 954 F.2d 1483 (9th Cir. 1992). On April 19, 1993, the United States Supreme Court granted certiorari, vacated the decision of the Ninth Circuit Court of Appeals, and remanded the case for further consideration in light of *Arave v. Creech,* 507 U.S. 463, 113 S.Ct. 1534, 123 L.Ed.2d 188 (1993). *Arave v. Paradis,* 507 U.S. 1026, 113 S.Ct. 1837, 123 L.Ed.2d 463 (1993).

On remand, the United States Court of Appeal for the Ninth Circuit affirmed decision of the United States District Court. *Paradis v. Arave,* 20 F.3d 950 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 915, 130 L.Ed.2d 796 (1995). On February 7, 1995, the United States Court of Appeals for the Ninth District vacated the stay of execution entered on August 18, 1987 on the grounds that the stay had expired. The United States District Court issued an Order remanding the case to this Court on February 21, 1995.

challenge to section 19–2515 of the Idaho Code, which Paradis alleged created an impermissible "presumption of death"; and (3) ineffective assistance of counsel, due to a conflict of interest by his attorney, William Brown.

On March 24, 1994, the district court rendered its Memorandum Opinion and Order, which served as the district court's notice of its intent to dismiss Paradis's Amended Second Petition for Post–Conviction Relief. The district court in its Memorandum Opinion concluded that the application of section 19–2719 of the Idaho Code to Paradis's case would not constitute an *ex post facto* application of the law in violation of Paradis's constitutional rights. As to whether Paradis's claims were procedurally barred under either I.C. § 19–2719 or 19–4908, the court analyzed each claim in relation to Paradis's direct appeal, his first post-conviction relief proceeding, and his federal *habeas corpus* proceeding. The district court concluded that Paradis's claims for Post–Conviction Relief based on newly discovered evidence were precluded under I.C. §§ 19–2719 and 19–4908. With respect to Paradis's claim of newly discovered evidence as to testimony about a blue hat found at the scene of the murders, the district court concluded that Paradis failed to meet the requirements enunciated in *State v. Drapeau,* 97 Idaho 685, 551 P.2d 972 (1976). The district court rejected as pure conjecture Paradis's argument that the trial court would not have imposed the death sentence had it known of the acquittal of Laurence Evans. The district court further held that Paradis's challenge to I.C. § 19–2515 was waived by Paradis's failure to raise the issue in Paradis's First Petition for Post–Conviction Relief. The district court also concluded that Paradis's Sixth Amendment claim was unfounded on the ground that Paradis failed to establish the existence of a conflict of interest which adversely affected Paradis's attorney's performance. In conclusion, the district court held that Paradis failed to present in the record a genuine issue of material fact, which if true would entitle Paradis to post-conviction relief and concluded that Paradis failed to meet his burden as contained in I.C. §§ 19–2719 and 19–4908.

Paradis then filed a Motion for leave to Amend the Amended Second Petition for Post–Conviction Relief on the ground that the Second Petition for Post–Conviction Relief failed to adequately allege all issues and allegations. Paradis asserted that new evidence had been discovered that was not known or could not have been known at the filing of the original Petition for Post–Conviction Relief. In the Second Amended Second Petition, Paradis added the additional claims that two eye-witness were discovered who could testify that Palmer had been killed in Washington and not in Idaho and that the application of the "utter disregard" aggravating circumstance to Paradis in this case violated his rights under the United States Constitution.

On August 25, 1994, the district court dismissed Paradis's Amended Second Petition for Post-conviction Relief. In its Order, the district court considered Paradis's Motion for Leave to Amend the Amended Second Petition for Post–Conviction Relief, the Amended Second Petition for Post–Conviction Relief, and additional affidavits filed by Paradis. The district court determined that the materials presented largely revisited issues previously dealt with in *State v. Paradis,* 106 Idaho 117, 676 P.2d 31 (1983), *cert. denied,* 468 U.S. 1220, 104 S.Ct. 3592, 82 L.Ed.2d 888 (1984); in *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); and in *Paradis v. Arave,* 667 F.Supp. 1361 (D.Idaho 1987), *aff'd in part, rev'd in part,* 20 F.3d 950 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 915, 130 L.Ed.2d 796 (1995).

The assertions presented by Paradis were categorized by the district court as: (1) claims of ineffective assistance of counsel; and (2) claims of newly discovered evidence establishing that Palmer died in Washington. With respect to Paradis's assertions of ineffective assistance of counsel, the district court concluded that Paradis had failed to provide any evidence demonstrating that any actual conflict existed which adversely affected Mr. Brown's performance as Paradis's lawyer. Absent an affirmative showing of both the existence of a conflict and an adverse performance resulting from the con-

flict, the district court concluded that Paradis's Sixth Amendment claim was without merit.

On the issue of newly discovered evidence, Paradis offered three individuals to support his claim that Palmer died in Washington: Michael Hamilton, Leroy Hall and Terry Jones. The district court concluded that the representations of the testimony of Hamilton and Hall were hearsay and did not meet the requirements of section 19–4906 of the Idaho Code. With respect to the testimony of Jones, which was offered by Jones in his affidavit and thus was not hearsay, the district court concluded that Paradis failed to raise a triable issue of fact concerning Jones's testimony as newly discovered evidence. The district court held that the Jones affidavit established that Paradis knew of Jones's presence at Paradis's Spokane residence, but concluded that no evidence in the record supported the conclusion that the failure to learn of this evidence was not due to the lack of diligence on the part of Paradis. The district court concluded that Paradis was given the notice required under I.C. § 19–4906(b), that no genuine issues of material fact were presented in the record, which if true would entitle Paradis to post-conviction relief, and that Paradis failed to meet his burden as contained in I.C. §§ 19–2719 and 19–4908.

Paradis appealed the August 25, 1994 Order dismissing Paradis's Amended Second Petition for Post–Conviction Relief. The State then filed a Motion to Dismiss the appeal on October 14, 1994, on the ground that the jurisdictional bar of I.C. § 19–2719 precluded Paradis from pursuing further proceedings in this Court.

In the interim, on September 8, 1994, Paradis filed a Motion to Reconsider or to Alter and Amend the district court's Order dismissing Paradis's Amended Second Petition for Post–Conviction Relief. The State filed a Motion to Strike Paradis's Motion for Relief.

On November 3, 1994, the Idaho Supreme Court heard oral argument on the State's Motion to Dismiss Paradis's appeal. The following day, the Court suspended a determination on the State's Motion to Dismiss, until the district court resolved all motions pending before the district court.

The district court made a final ruling in this case on March 16, 1995 and issued an Order denying Paradis's Motion for Reconsideration or to Alter or Amend the district court's Order dismissing Paradis's Amended Second Petition for Post–Conviction Relief. The district court also denied the State's Motion to Strike. The district court in its Order concluded that the evidence presented by Paradis failed to provide any basis to alter or amend the August 25, 1994 Order Dismissing the Amended Second Petition for Post–Conviction Relief. The district court denied Paradis's Motion to Reconsider and held that its Order dismissing the Amended Second Petition for Post–Conviction Relief was a final order and was not subject to a reconsideration motion under I.R.C.P. 11(a)(2)(B). The district court denied Paradis's Motion to Alter or Amend and concluded that the court did not err in its earlier Order on the grounds asserted by Paradis. The district court further held that, even considering the additional affidavits filed with the Motion to Alter or Amend, Paradis failed to make a showing which would entitle him to relief.

Paradis filed an Amended Notice of Appeal on March 29, 1995, appealing the Order dismissing the Second Amended Petition for Post–Conviction Relief and the Order denying Paradis's Motion for Reconsideration and to Alter or Amend the district court's Order of August 25, 1994. Before this Court is the State's Motion to Dismiss Paradis's appeal on the grounds that I.C. § 19–2719 precludes further proceedings in this matter.

## II.

### ANALYSIS

Idaho Code § 19–2719 establishes the procedures for post-conviction proceedings in capital cases. Under this provision a defendant has one opportunity to raise all challenges to a sentence or conviction in a post-conviction relief petition. *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995). The petition seeking post-conviction relief must be filed within 42 days after the judg-

ment is filed. *Paz v. State,* 123 Idaho 758, 759, 852 P.2d 1355, 1356 (1993). An exception is made to allow for successive petitions, if it can be demonstrated that the claims raised in the successive petition were not known and reasonably could not have been known within 42 days of the entry of the judgment of conviction. *State v. Rhoades,* 120 Idaho 795, 807, 820 P.2d 665, 677 (1991), *cert. denied,* 504 U.S. 987, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992). Claims not known or which could not have reasonably been known within 42 days of judgment must be asserted within a reasonable time after they are known or reasonably could have been known. *Paz,* 123 Idaho at 760, 852 P.2d at 1357. A petitioner who brings a successive petition for post-conviction relief has a heightened burden of making a *prima facie* showing that the issues raised fall within the narrow exception provided by the rule. *Pizzuto,* 127 Idaho at 471, 903 P.2d at.60 (citing *Paz,* 123 Idaho at 760, 852 P.2d at 1357).

We must first address Paradis's argument that the application of I.C. § 19–2719 constitutes an *ex post facto* application of the law in violation of his constitutional rights. Article I, section 16 of the Idaho Constitution places a prohibition on *ex post facto* laws. Idaho Const. art. I, § 16; *State v. Dunn,* 91 Idaho 870, 874, 434 P.2d 88, 92 (1967). Laws are not to be applied retroactively absent an express declaration from the legislature. I.C. § 73–101; *State v. O'Neill,* 118 Idaho 244, 247, 796 P.2d 121, 124 (1990).

■ On April 2, 1984, the Idaho Legislature enacted I.C. § 19–2719. 1984 Idaho Sess.Laws, S.B. No. 1345, Ch. 159, § 7, pp. 388–90. Paradis filed his First Petition for Post–Conviction Relief on April 13, 1984. The change in statutory limitations period constituted a change in post-conviction procedures and did not materially affect any substantive rights of Paradis. Idaho Code § 19–2719 merely changed the time period in which Paradis could file his claims for post-conviction relief. *See O'Neill,* 118 Idaho at 248, 796 P.2d at 125 ("Idaho Code § 73–101 does not preclude the legislature from amending the statute of limitations applicable to a given individual after the individual has committed a crime, but prior to the running of the statute of limitations in existence at the time of the commission of the crime.") Idaho Code § 19–2719 was in effect as of Paradis's filing of his First Petition for Post–Conviction Relief, and the statutory limitations period had not yet run. As such, the application of the limitations period in I.C. § 19–2719 is prospective, rather than retroactive in nature. The consideration of facts existing prior to the enactment of a statute of limitations does not make the provision retroactive in nature. We conclude that applying I.C. § 19–2719 does not constitute an *ex post facto* application of the law.

■ Presented with the State's Motion to Dismiss, we are called upon to determine whether the claims presented in Paradis's Amended Second Petition for Post Conviction Relief fall within the narrow exception set forth in I.C. § 19–2719. Paradis has the burden of making a *prima facie* showing that the claims raised in Paradis's Second Amended Petition were not known or reasonably could not have been known within 42 days of the entry of the judgment of conviction. *Pizzuto,* 127 Idaho at 471, 903 P.2d at 60 (citing *Paz,* 123 Idaho at 760, 852 P.2d at 1357). If the claims were not known or could not reasonably have been known within the 42 day statutory period, the claims must have been asserted within a reasonable period after they became known or reasonably could have been known. *Paz,* 123 Idaho at 760, 852 P.2d at 1357. After a thorough review of the arguments and evidence presented by Paradis, we conclude that Paradis has failed to make a *prima facie* showing that his claims in the Amended Second Petition for Post–Conviction Relief fall within the narrow exception of I.C. § 19–2719 for successive petitions for post-conviction relief.

### III.

### CONCLUSION

The State's Motion to Dismiss is granted.

JOHNSON, TROUT and SILAK, JJ., and NEWHOUSE, J. Pro Tem., concur.