51 P.3d 387

**Thomas Eugene CREECH,
Petitioner–Appellant,**

v.

**STATE of Idaho and James Spalding, Director of the Department of Correction, and Dave Paskett, Warden of the Idaho Maximum Security Institute, Department of Correction, State of Idaho, Respondents.**

No. 27309.

Supreme Court of Idaho,
Boise, March 2002 Term.

June 6, 2002.

Rehearing Denied Aug. 1, 2002.

Hampton & Elliott, Boise, for appellant. Teresa A. Hampton argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondents. L. LaMont Anderson, Deputy Attorney General, argued.

## OPINION AND ORDER GRANTING MOTION TO DISMISS APPEAL

TROUT, Chief Justice.

This is a motion by the State of Idaho ("the State") to dismiss the appeal of Thomas Eugene Creech ("Creech") pursuant to I.C. § 19–2719. Creech appeals the district court's order dismissing his successive petition for post-conviction relief in a capital case.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Creech was originally convicted of and sentenced to death for first-degree murder after pleading guilty in 1981. Creech thereafter appealed, which was upheld by this Court. *State v. Creech,* 105 Idaho 362, 364, 670 P.2d 463, 465 (1983), *cert. denied,* 465 U.S. 1051, 104 S.Ct. 1327, 79 L.Ed.2d 722 (1984) ("*Creech I* "). Creech then filed a motion to withdraw his guilty plea, but filed no other petition for post conviction relief at the time. This motion was denied by the district court, and affirmed by this Court. *State v. Creech,* 109 Idaho 592, 710 P.2d 502 (1985) ("*Creech II* ") (holding the record was sufficient to find that allowing the guilty plea to stand would not be manifestly unjust, and ordering

Creech to make all remaining post-conviction relief motions). The case was then heard in federal district court on a habeas corpus petition, and thereafter appealed to the Ninth Circuit and the United States Supreme Court, which ultimately resulted in the Ninth Circuit ordering Creech to be resentenced so that additional mitigating information occurring since the original plea could be considered. Creech was resentenced in 1995. Creech then filed a petition for post-conviction relief. This Court affirmed Creech's conviction, sentence and denial of post-conviction relief. *State v. Creech,* 132 Idaho 1, 966 P.2d 1 (1998), *cert. denied,* 526 U.S. 1147, 119 S.Ct. 2025, 143 L.Ed.2d 1036 (1999) ("*Creech III* ").

On June 10, 1999, Creech initiated new federal habeas proceedings. On June 14, 1999, the federal district court granted a stay of execution so Creech could file another petition in state court. On June 1, 2000, Creech returned to state court and filed a successive petition for post-conviction relief, raising five claims.[1] The State filed a response and motion to dismiss on June 30, 2000. Creech filed a reply, and after hearing oral argument on the State's motion, the district court granted the State's motion, dismissing Creech's successive post-conviction petition. The district judge concluded Creech failed to establish that his first four successive post-conviction claims were not known or could not reasonably have been known within the forty-two day period set forth in I.C. § 19–2719. Creech's fifth successive claim was dismissed by the district court pursuant to *McKinney v. State,* 133 Idaho 695, 992 P.2d 144 (1999).

Creech appealed to this Court and the State moved to dismiss the appeal pursuant to I.C. § 19–2719.

### II.

### STANDARD OF REVIEW

The only issue before this Court is whether we should dismiss Creech's appeal based

---

1. This Court will consider Creech's June 2000 petition as his second petition and his 1995 petition as his first. Although Creech moved to withdraw his guilty plea prior to 1995, no other post-conviction petitions were filed at that time. *See Creech II* at 592, 710 P.2d at 502 (this Court initially describes the appeal as a post-conviction relief proceeding; however the appeal only reviewed the denial of Creech's motion to withdraw his guilty plea and order to consolidate post-conviction motions into one proceeding); and *Creech III* at 5, 966 P.2d at 5 (stating "[n]o other post-conviction petitions or issues were filed.").

upon the provisions of Idaho Code § 19–2719. Idaho courts have no power to consider waived claims. I.C. § 19–2719(5).[2] Thus, this Court only has jurisdiction to review the allegations in Creech's successive petition to determine whether his claims were known or reasonably could have been known within statutory time limits set by Idaho Code § 19–2719 and are, therefore, barred. If such claims are barred, no appeal on the merits will be heard, and this Court must dismiss Creech's successive petition.

■ The expedited procedure for post-conviction review in capital cases is contained in Idaho Code § 19–2719. *Porter v. State*, 136 Idaho 257, 259, 32 P.3d 151, 153 (2001). The statute provides a defendant with one opportunity to raise all challenges to the conviction and sentence in a petition for post-conviction relief, except in those unusual cases where it can be demonstrated that the issues were not known and reasonably could not have been known within the time frame allowed by the statute. I.C. § 19–2719(5); *Porter* at *id.; Fields v. State*, 135 Idaho 286, 17 P.3d 230 (2000); *State v. Rhoades*, 120 Idaho 795, 820 P.2d 665 (1991). A claim that reasonably could be known immediately upon the completion of the trial and can be raised in a post-conviction petition, if not raised in the first post-conviction petition, is deemed waived. *Id.; Fields*, 135 Idaho at 290, 17 P.3d at 234; *Rhoades*, 120 Idaho at 797, 820 P.2d at 667. Any successive petition for post-conviction relief not within the exception of subsection (5) of the statute is to be dismissed summarily. I.C. § 19–2719(11).

■ In this case, we are presented with a motion by the State to dismiss Creech's appeal. When this Court is presented with a motion to dismiss by the State based upon the provisions of Idaho Code § 19–2719, the proper standard of review this Court should utilize is to directly address the motion, determine whether or not the requirements of section 19–2719 have been met, and rule accordingly. *See, e.g., Porter v. State*, 136

Idaho 257, 259, 32 P.3d 151, 153 (2001); *Rhoades v. State*, 135 Idaho 299, 17 P.3d 243 (2000); *Paradis v. State*, 128 Idaho 223, 912 P.2d 110, 114 (1996); *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995); *Paz v. State*, 123 Idaho 758, 852 P.2d 1355 (1993); *Fetterly v. State*, 121 Idaho 417, 825 P.2d 1073 (1992), *cert. denied*, 506 U.S. 1002, 113 S.Ct. 607, 121 L.Ed.2d 542 (1992).

### III.

### DISCUSSION

■ A petitioner bringing a successive petition for post-conviction relief has a heightened burden and must make a *prima facie* showing that issues raised in that petition fit within the narrow exception provided by the statute. *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995); *Paz v. State*, 123 Idaho 758, 852 P.2d 1355 (1993). This is a burden Creech has failed to meet. Creech raises five claims in his second petition for post-conviction relief. The first three claims involve ineffective assistance of counsel, the fourth relates to the constitutionality of the statutory scheme for capital post-conviction proceedings, and the fifth challenges the constitutionality of the length of Creech's confinement thus far. Each claim will be addressed individually:

### *Ineffective Assistance of Counsel Claims*

■ Creech first claims in his petition that the appointment of the Ada County public defender's office created a conflict of interest because representation of Creech was materially limited by the public defender's representation of other clients allegedly identified as material witnesses by the State, and the public defender never obtained a waiver of that conflict from Creech. Essentially, Creech claims that because the public defender represented some inmates at the prison, and because the murder Creech is sentenced to death for was committed at the same prison, the inmates were potential wit-

---

2. Idaho Code § 19–2719(5) states:
   If the defendant fails to apply for relief as provided in this section and within the time limits specified, he shall be deemed to have waived such claims for relief as were known, or reasonably should have been known. The courts of Idaho shall have no power to consider any such claims for relief as have been so waived or grant any such relief.

nesses against him, creating a conflict of interest.

The transcript of a preliminary hearing in 1981 reveals Creech's trial counsel requested a continuance due to an alleged conflict of interest because of the public defender's representation of other individuals. The public defender even conceded he was aware of the potential conflict. This clearly indicates this claim was known or reasonably could have been known at the time Creech filed his first post-conviction petition in 1995.

Creech next claims Rolfe Kehne, who represented Creech at his resentencing, was ineffective because the funds for his defense were controlled by the Ada County public defender's office and Kehne was unable to obtain the funds to present a proper defense, limiting his investigation and presentation of mitigation evidence.

Again, this claim is untimely. The terms of Kehne's contract were available to Creech at the time he filed his first post-conviction petition in 1995. Prior to resentencing, Kehne filed a motion regarding costs of experts and investigation, noting the alleged issues surrounding his contract with the public defender. Additionally, in *Creech III*, 132 Idaho 1, 17–21, 966 P.2d 1, 17–21 (1998), Creech raised a claim regarding Kehne's investigation. Thus, the record clearly reflects that at the time of the initial petition, Creech was aware of the possible existence of claims of ineffective assistance.

Third, Creech claims the Ada County public defender's office was ineffective on appeal and post-conviction through both Rolf Kehne, who represented Creech through the 1995 sentencing, and August Cahill, who represented Creech through the post-conviction proceedings in 1995 and 1996 and the 1998 Idaho Supreme Court appellate proceedings by failing to raise ineffective assistance of counsel claims against Kehne, failing to investigate an alleged conflict of interest between the presentence investigator and psychiatrist, and failing to properly represent Creech during post-conviction and appellate proceedings. Creech asserts that trial counsel and appellate counsel were effectively the same because the case was assigned to the Ada County public defender's office, given to

Kehne first, who was Cahill's supervisor, then given to Cahill in 1999.

Again, Creech fails to state why this claim was not brought forward earlier. The majority of information pertaining to this claim was contained in the original sentencing, and in fact was before this Court in 1998 in *Creech III*. Creech has also failed to point to any facts regarding the alleged conflict between the presentence investigator and psychiatrist. With respect to Creech's claim regarding ineffective assistance of appellate counsel, this Court has previously held that when a petitioner is represented by the same attorney at trial, on direct appeal and in the first post-conviction proceeding, the petitioner waives the issue of ineffective assistance of counsel by not raising it in the first petition. *McKinney v. State*, 133 Idaho 695, 701, 992 P.2d 144, 150 (1999), *cert. denied*, 530 U.S. 1208, 120 S.Ct. 2207, 147 L.Ed.2d 240 (2000) (citing *Paz v. State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993)). Thus, Creech has failed to make a *prima facie* showing that this claim fits within the exception of Idaho Code § 19–2719(5).

### *Constitutionality of Statutory Scheme for Capital Post–Conviction Proceedings*

■ Creech's fourth claim challenges the statutory scheme for capital post-conviction proceedings, arguing it is unconstitutional. This Court has previously concluded that successive claims involving the procedure and application of Idaho's death penalty statutory scheme are claims which were known or reasonably could have been known when the petitioner's first post-conviction petition was filed. *Lankford v. State*, 127 Idaho 100, 100–01, 897 P.2d 991, 991–92 (1995). Additionally, this Court has repeatedly upheld the constitutionality of Idaho Code § 19–2719. *Id.; State v. Rhoades*, 120 Idaho 795, 820 P.2d 665 (1991), *cert. denied, Rhoades v. Idaho*, 504 U.S. 987, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992); *State v. Beam*, 115 Idaho 208, 766 P.2d 678 (1988), *cert. denied, Beam v. Idaho*, 489 U.S. 1073, 109 S.Ct. 1360, 103 L.Ed.2d 827 (1989).

While *Lankford* only addressed Idaho's death penalty statutory scheme, the same

analysis is equally applicable to the post-conviction relief statutes. Idaho Code section 19–2719 was in existence at the time Creech filed his second petition; thus, Creech's fourth claim was known or reasonably could have been known at the time he filed his first petition for relief in 1995.

*Constitutionality of Length of Creech's Confinement*

█ Finally, Creech claims the length of his confinement is unconstitutional. This claim was known or reasonably could have been known at the time he filed his first petition for relief in 1995. The State argues Creech could have raised this claim in his prior petition, citing three federal cases in support: *Gretzler v. Stewart*, 146 F.3d 675, 676 (9th Cir.1998); *Bonin v. Calderon*, 77 F.3d 1155, 1160–61 (9th Cir.1996); *Turner v. Jabe*, 58 F.3d 924, 930–31 (4th Cir.1995). This Court declined to rely on these cases in *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999), *cert. denied*, 530 U.S. 1208, 120 S.Ct. 2207, 147 L.Ed.2d 240 (2000), because "in each, the petitioner had already been on death row over a decade when filing the first petition." *Id.* at 702, 992 P.2d at 151. The defendant in *McKinney* had been on death row only three years when he filed his first petition for post-conviction relief. In this case, however, when Creech filed his first post-conviction petition on May 9, 1995, he had already been on death row for over thirteen years. Based upon Creech's length of confinement, we conclude the issue of the courts' alleged failure to expeditiously resolve his claim was ripe at the time Creech filed his first petition.

█ In addition, "[d]eath row prisoners are not entitled to have their sentences commuted to life because of the delay caused by their own unsuccessful collateral attacks on their sentences." *McKinney* at *id.*

## IV.

## CONCLUSION

Creech failed to raise the claims in his successive petition within the time specified in Idaho Code § 19–2719 because he has made no showing the claims were not known and could not reasonably have been known at the time he filed his initial petition. Therefore, we hold Creech has waived his claims pursuant to the statute, and grant the State's motion to dismiss Creech's appeal.

Justices SCHROEDER, WALTERS and Justice Pro Tem WESTON, CONCUR.

Justice KIDWELL, specially concurring.

Although I concur in the decision to dismiss Creech's petition, I am writing separately because I believe it is important that this Court's opinion not be read as indicating that this Court lacks jurisdiction to consider an appeal from a district court's decision to dismiss a successive petition for post-conviction relief under I.C. § 19–2719. *See Sivak v. State*, 134 Idaho 641, 8 P.3d 636 (2000).

In several recent cases, this Court has affirmed district court decisions dismissing successive petitions, as opposed to dismissing the appeals from those decisions. *See, e.g., Id.; Pizzuto v. State*, 134 Idaho 793, 10 P.3d 742 (2000); *McKinney v. State*, 133 Idaho 695, 992 P.2d 144 (1999). Additionally, in the recent cases in which this Court has dismissed petitioners' appeals, the dismissals were generally [3] based upon this Court's independent review of the petition and independent determination that the petition was facially insufficient, under I.C. § 19–2719, to warrant further appellate procedures. *See, e.g., Rhoades v. State*, 135 Idaho 299, 17 P.3d 243 (2000); *Row v. State*, 135 Idaho 573, 575, 21 P.3d 895, 897 (2001). I agree with this Court's dispositions in those cases and I do not interpret those cases or I.C. § 19–2719(5) as implying that this Court lacks jurisdiction to consider a petitioner's appeal from a district court's decision to dismiss a successive petition for post-conviction relief.

█

---

**3.** *Porter v. State*, 136 Idaho 257, 32 P.3d 151 (2001), utilized an analysis of the district court's decision throughout the opinion, but disingenuously suggested in the Conclusion section that the question was "not appealable."