# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 50336

| | | |
|---|---|---|
| THOMAS EUGENE CREECH, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Boise, February 2024 Term |
| | ) | |
| v. | ) | Opinion: February 9, 2024 |
| | ) | |
| STATE OF IDAHO, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Jason D. Scott, District Judge.

The district court's judgment is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, attorneys for Appellant. Garth McCarty argued.

Raúl R. Labrador, Idaho Attorney General, Boise, attorneys for Respondent. L. LaMont Anderson argued.

_____

BEVAN, Chief Justice.

Thomas Eugene Creech appeals from the district court's order dismissing his successive post-conviction petition as untimely under Idaho Code section 19-2719. Creech argues that his petition was timely because the United States Supreme Court's decision in *Shinn v. Ramirez*, 596 U.S. 366 (2022), represents a triggering event that re-started the forty-two-day period for filing a petition under Idaho Code section 19-2719. Therefore, Creech argues that the district court should hear his ineffective assistance of counsel ("IAC") claim. For the reasons stated below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Creech was a prisoner at the Idaho State Correctional Institution in 1981 when he killed a fellow prisoner, David Jensen. *State v. Creech (Creech I)*, 105 Idaho 362, 364, 670 P.2d 463

1

(1983).[1] Creech pleaded guilty to first-degree murder the same year and was sentenced to death by the district court judge in 1982. *Id*. at 365, 670 P.2d at 466. Creech appealed his conviction and death sentence in 1983, and this Court affirmed both. *See generally*, *id*. at 362, 670 P.2d 463.

While Creech's first appeal was pending before this Court, Creech filed his first petition for post-conviction relief asking to withdraw his guilty plea. *Creech v. State (Creech II)*, 109 Idaho 592, 710 P.2d 502 (1985). The district court denied the motion, and this Court affirmed. *Id.*

Soon after, Creech filed his first habeas petition. *Creech v. Arave (Creech III)*, 947 F.2d 873 (9th Cir. 1991). The federal district court denied that petition, and the Ninth Circuit later affirmed in part and reversed in part. *Id.* Creech appealed to the United States Supreme Court, which granted certiorari on one issue and remanded for resentencing because the trial court did not allow Creech to present new mitigation evidence during his 1983 sentencing. *Arave v. Creech (Creech IV)*, 507 U.S. 463 (1993).

The case was remanded for resentencing and, after hearing the new mitigation evidence, the district court judge again sentenced Creech to death in 1995. The district court later denied his petition for post-conviction relief, which included several IAC claims and a claim that Creech's death sentence violated the Sixth Amendment because it did not include jury participation. *State v. Creech (Creech V)*, 132 Idaho 1, 966 P.2d 1 (1998). The 1995 death sentence remains in effect today and is the sentence from which Creech's current, successive post-conviction case derives.

On appeal in 1998, this Court affirmed Creech's new death sentence and also affirmed the denial of post-conviction relief. *Id.* at 6, 966 P.2d at 6. We held in part that the Ninth Circuit had rejected the argument that the trial court had disregarded Creech's biological condition as mitigating evidence in his 1995 resentencing. *Id.* at 15-16, 966 P.2d at 15-16. Regarding post-conviction issues in that case, this Court concluded that Creech had failed to establish an IAC claim arising out of his 1995 resentencing, and held that Creech's IAC claim was conclusory and without authority. *Id.* at 17-21, 966 P.2d at 17-21.

In June 1999, Creech initiated a new federal habeas proceeding. *Creech v. Hardison*, No. CV 99-0224-S-BLW, 2010 WL 1338126 (D. Idaho March 31, 2010) (unpublished). As part of the habeas proceeding, the federal district court stayed Creech's execution so he could file another

---

[1] Creech's prior cases are complex and begin in the 1970s. The history is partly recounted in *Creech v. Richardson*, 59 F.4th 372, 376-82 (9th Cir. 2022), *cert. denied*, 144 S. Ct. 291 (2023). For ease of reference, this opinion only summarizes the relevant appeals and post-conviction claims that predate this appeal.

petition in state court. *Id.* at 2010 WL 1338126, *4 n.1. With that stay in place, Creech filed his first successive petition for post-conviction relief in state district court in 2000. *Creech v. State (Creech VI)*, 137 Idaho 573, 574, 51 P.3d 387, 388 (2002). Creech's petition was dismissed as untimely in state court under Idaho Code section 19-2719. *Id.* This Court affirmed, holding, in part, that Creech's IAC claim was untimely under Idaho Code section 19-2719(5) because that claim was known or reasonably could have been known when Creech filed his first petition for post-conviction relief. *Id.* at 575-77, 51 P.3d 389-91.

As a result, the stay granted in Creech's 1999 federal habeas proceedings was lifted and that proceeding resumed in federal court. *Hardison*, 2010 WL 1338126, at *4. The federal district court denied all of Creech's habeas claims, including his IAC claim. *See id.* After a protracted series of subsequent habeas proceedings, Creech appealed to the Ninth Circuit. *Creech v. Richardson (Creech VIII)* 59 F.4th 372, *as amended February 6, 2023*, (9th Cir. 2022), *cert. denied*, 144 S. Ct. 291 (2023). While the Ninth Circuit was considering Creech's appeal, the United States Supreme Court decided *Shinn v. Ramirez*, 596 U.S. 366 (2022). There, the Supreme Court held that "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond [what was produced in state court] based on ineffective assistance of state postconviction counsel." *Shinn*, 596 U.S. at 382.

After *Shinn* was decided, Creech asked the Ninth Circuit for permission to file replacement or supplemental briefs, arguing that he would have made different strategic choices had he known *Shinn* would prevent him from introducing new evidence in federal court. *Creech VIII*, 59 F.4th at 394. The Ninth Circuit denied that request because Creech had already "filed such briefs when he appealed the district court's denial of his second amended habeas petition"; and therefore, the filing of replacement or supplemental briefs "would thus make no difference to the outcome." *Id.* The Ninth Circuit acknowledged the major change to habeas proceedings in *Shinn*, but explained that its decision did not hinge on that change: "Even in the absence of [*Shinn*], we would have agreed with the district court." *Id.* at 388. The Ninth Circuit ultimately affirmed the federal district court. *Id.* at 394. The United States Supreme Court denied certiorari on October 10, 2023. *Creech v. Richardson*, 144 S. Ct. 291 (2023).

While Creech's habeas petition was pending, he filed the successive petition for post-conviction relief in state district court that is now at issue. After hearing oral argument, the district

3

court dismissed Creech's petition as untimely under Idaho Code section 19-2719. Creech timely appealed to this Court.

After the United States Supreme Court denied certiorari in Creech's federal case, the State requested a death warrant on October 12, 2023, and one was issued scheduling his execution for November 8, 2023. Creech petitioned the Idaho Commission of Pardons and Parole for clemency. Subsequently, on October 19, 2023, the district court stayed Creech's execution, pending the commutation proceedings. The Idaho Commission of Pardons and Parole denied Creech's clemency request on January 29, 2024. On January 30, 2024, the district court signed a new death warrant setting Creech's execution date for February 28, 2024.

## II. ISSUES ON APPEAL

1. Did the district court err by dismissing Creech's petition as untimely?
2. Does the alleged ineffective assistance of Creech's initial post-conviction counsel excuse his failure to timely raise a trial IAC claim?

## III. STANDARDS OF REVIEW

"Whether a successive petition for post-conviction relief was properly dismissed pursuant to [Idaho Code section] 19-2719 is a question of law. This Court reviews questions of law de novo." *Dunlap v. State*, 59 Idaho 280, 292, 360 P.3d 289, 301 (2015) (quoting *Fields v. State*, 154 Idaho 347, 349, 298 P.3d 241, 243 (2013)). "A court must summarily dismiss any successive petition that does not meet the requirements of [Idaho Code section] 19-2719(5)." *McKinney v. State*, 133 Idaho 695, 701, 992 P.2d 144, 151 (1999).

## IV. ANALYSIS

Creech's central argument on appeal is that, because *Shinn* now limits federal habeas proceedings to the facts previously raised in the state court, he should be allowed to file a successive petition to develop the facts supporting his claim that post-conviction counsel was ineffective by failing to raise an IAC claim arising out of his trial. Doing otherwise, Creech asserts, will prevent him from having his trial IAC claim heard in *any* court. As explained below, we disagree.

**A. The district court did not err in dismissing Creech's successive petition as untimely.**

The district court dismissed Creech's successive petition as untimely under Idaho Code section 19-2719(3) and (5). Creech asserts that by filing his petition within forty-two days of the United States Supreme Court's decision in *Shinn*, his petition was timely and the district court

4

erred by dismissing it. Creech's argument turns on the conclusion that *Shinn* was a triggering event for purposes of reinitiating the forty-two-day period for pursuing a post-conviction relief claim under Idaho Code section 19-2719(5) because, even though *Shinn* does not create a new cause of action, the fundamental procedural change it embodies constitutes a triggering event that would permit the filing of a successive petition under Idaho code section 19-2719(3) and (5).

We disagree that *Shinn* is a triggering event that offers a new opportunity to seek post-conviction relief in state court. As the district court correctly recognized, *Shinn* interpreted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C. section 2254(e)(2), to prohibit a federal habeas court from conducting an evidentiary hearing or otherwise considering evidence beyond what was produced in state court based on ineffective assistance of state post-conviction counsel. *See* 596 U.S. at 382. However, *Shinn* has no bearing on state statutes, including Idaho Code section 19-2719, that establish a statute of limitations for bringing IAC claims. *See Hairston v. State,* 167 Idaho 462, 465–66, 472 P.3d 44, 47–48 (2020). Moreover, *Shinn* did not adopt a new or broadened interpretation of the United States Constitution that binds state courts as previous cases cited by Creech have done. *See, e.g.*, *Pizzuto v. State,* 146 Idaho 720, 727, 202 P.3d 642, 649 (2008) (recognizing that Idaho's adoption of Idaho Code section 19-2515A, which prohibited imposing the death penalty upon intellectually disabled persons after the United States Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304 (2002), created a triggering event by establishing new substantive law); *Johnson v. State,* 162 Idaho 213, 225-26, 395 P.3d 1246, 1258-59 (2017) (recognizing that a United States Supreme Court decision making mandatory fixed life sentences for juveniles unconstitutional and requiring consideration of a child's youth and circumstances before imposing a fixed life sentence was a triggering event for timely successive petition); *see also Windom v. State,* 162 Idaho 417, 422-24, 398 P.3d 150, 155-57 (2017) (Windom's motion to amend his post-conviction petition one day after a United States Supreme Court decision changing substantive constitutional law was timely). Thus, *Shinn* does not establish new *substantive grounds*, as do the cases just cited, to open the door for Creech to seek post-conviction relief in state court from his decades-old state conviction.

Creech's claim was already time-barred when *Shinn* was announced, and nothing in *Shinn* resuscitates that claim. Because *Shinn* merely reinforced the primacy of states' proceedings in federal habeas cases, there is no legal mechanism by which *Shinn* can be understood to renew the period allowed by section 19-2719(5) for filing successive post-conviction claims in capital cases.

Further, *Shinn* did not, as Creech asserts, "weld off" his opportunity to develop the facts of his case in federal court. As his case history shows, Creech presented the facts of his 1995 resentencing IAC claim in federal district court, and that court ruled against him. *Creech VIII*, 59 F.4th at 380-81. Creech's appeal from the federal district court's denial of relief in the Ninth Circuit was pending when *Shinn* was decided. *Id.*, 59 F.4th 372. While the Ninth Circuit explained it could not consider new evidence in light of *Shinn*, the court elaborated that, in either case, *Shinn* would not have changed the outcome of the proceedings. *Id.* at 388. The Ninth Circuit wrote, "[e]ven in the absence of [*Shinn*], we would have agreed with the district court." *Id.* Creech has asserted his IAC claim in numerous state and federal courts at nearly every stage of his four decades of litigation. His assertion to the contrary now notwithstanding, that *Shinn* unfairly barred him from arguing his IAC claim in any court, is unfounded.

Idaho Code section 19-2719(3) gives a petitioner who has been sentenced to death forty-two days from the filing of the judgment imposing the death sentence to file "any legal or factual challenge to the sentence or conviction that is known or reasonably should have been known." Creech's guilt-phase claim of IAC was known or reasonably could have been known when he filed his initial post-conviction petition after he pleaded guilty. His resentencing claim for IAC was known or reasonably could have been known when he filed his first resentencing post-conviction petition. Creech has failed to meet his heightened burden of showing that the IAC claim in his successive petition fit within the narrow exception provided by Idaho Code section 19-2719(5)(a). As a result, Creech's petition is untimely under Idaho Code section 19-2719(5).

**B. The ineffectiveness of Creech's initial post-conviction counsel does not excuse his failure to timely raise his trial IAC claim.**

Creech next argues that this Court should excuse his failure to raise, or adequately raise, his trial IAC claim in state court because that failure is attributable to the ineffectiveness of his post-conviction counsel. Creech maintains that his trial IAC claim was not supported with adequate evidence earlier because his initial post-conviction counsel was ineffective. According to Creech, he did not have effective counsel until well after the forty-two-day period for bringing a successive petition under Idaho Code 19-2719 had run. Creech bases his argument on the Sixth Amendment right to counsel. He also argues that the Idaho Constitution provides a broader right to counsel than the United States Constitution.

"The courts of Idaho shall have no power to consider any claims for relief as have been so waived or grant any such relief." I.C.§ 19-2719(5). Thus, an untimely claim for ineffective

assistance of post-conviction counsel under Idaho Code section 19-2719 in a successive petition, whether under the federal or state constitutions, is waived.

In *Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012), the United States Supreme Court held that the ineffective assistance of post-conviction counsel in state court could excuse procedural default in federal habeas proceedings. Although not phrased in so many words, Creech's request to create a new exception for successive IAC claims if the state court finds ineffective assistance of post-conviction counsel is the equivalent of superimposing *Martinez* on Idaho Code section 19-2719. But section 19-2719 forecloses that argument. Under section 19-2719, there is only one exception– and it is limited to claims that were not known and could not reasonably have been known when the first petition was filed. Moreover, in *Johnson v. State*, 162 Idaho 213, 395 P.3d 1246 (2017) we previously rejected the notion that *Martinez* is binding on this Court:

> [W]hile *Martinez* made it obligatory for federal habeas courts to hear claims of ineffective assistance of trial counsel if initial post-conviction counsel was not provided or failed to properly raise those issues, *Martinez* is explicitly equitable in nature. *Martinez*, 566 U.S. at 14–15. Because the holding in *Martinez* is not a constitutional holding it is not binding on state courts. *Id.* at 16 ("In addition, state collateral cases on direct review from state courts are unaffected by the ruling in this case."). Accordingly, we are not obligated to follow *Martinez* in our state courts. And we choose not to.

*Id.* at 228, 395 P.3d at 1261.

Thus, we analyze the question before us based on long-standing Idaho law, not on the proffered equitable grounds cited in *Martinez*. In *McKinney*, we held that when Idaho Code section 19-2719 applies to a petition, "[i]neffective assistance of counsel in [petitioner's] first post-conviction proceeding does not excuse his failure to raise issues that should reasonably have been known." 133 Idaho at 704, 992 P.2d at 153; *see also Row v. State*, 135 Idaho 573, 578, 21 P.3d 895, 900 (2001). This holding directly answers the questions Creech has raised here. We decline to adopt Creech's argument to excuse his untimely IAC claim because that claim was or reasonably should have been known when he filed his first petition.

We turn to Creech's argument that the Idaho Constitution provides greater guarantees than the Sixth Amendment, thus allowing him to file an untimely claim notwithstanding the prohibition of Idaho Code section 19-2719. As a threshold matter, Creech has the burden of establishing the claim in his successive petition is timely under Idaho Code section 19-2719.

While we recognize that this Court has stated that "the Idaho State Constitution potentially can be read to afford a broader right to effective counsel than does the federal Constitution[,]"

7

*State v. Charboneau*, 116 Idaho 129, 137, 774 P.2d 299, 307 (1989) (quotes and citation omitted), this Court has never varied from equating the rights preserved under the Idaho Constitution with the rights guaranteed under the Sixth Amendment. We recently explained in *Marsalis v. State*, that the right to effective assistance of counsel, under both the Sixth Amendment and Article 1, Section 13 of the Idaho Constitution is the same:

> The right to counsel in criminal actions brought by the state of Idaho is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Idaho State Constitution. The right to counsel is the right to the effective assistance of counsel. This Court analyzes claims for ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To prevail under *Strickland,* the petitioner must show: (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" *Dunlap,* 159 Idaho at 296, 360 P.3d at 305 (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052).

166 Idaho 334, 340, 458 P.3d 203, 209 (2020) (some citations and quotations omitted). To the extent that it was unclear before, we reiterate now: the right to effective assistance of counsel under the Idaho Constitution is equivalent to the applicable Sixth Amendment standard under the United States Constitution set forth in *Strickland*.

## V. CONCLUSION

The district court's summary dismissal of Creech's petition for post-conviction relief on the grounds that it was not timely is affirmed. Shortly before oral argument, Creech moved to stay his execution date of February 28, 2024, as set forth in the death warrant. Having issued this opinion more than fourteen days before February 28, there is no need to stay the execution date set forth in the death warrant. Creech's motion to stay execution is therefore denied.

Justices BRODY, MOELLER, and MEYER, and Justice Pro Tem BURDICK CONCUR.